IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MATTIEBELL L. WATERS, | \* | |
| Claimant, | \* | |
| v. | \* | CASE NO. 5:11-CV- 27 MSH |
| MICHAEL J. ASTRUE, Commissioner Of Social Security, | \* | Social Security Appeal |
| | \* | |
| Respondent. | | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a

preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  20 C.F.R. § 404.1520, app. 1, pt. 404.  First, the Commissioner determines whether the claimant is working.  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing").  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to

the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ erred in failing to find that Claimant's lumbar impairment equaled Listing 1.04 as of the alleged onset date.**

II. **Whether the ALJ erred in failing to follow the directive of the Appeals Council.**

### Administrative Proceedings

Claimant protectively filed her current applications for Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) benefits on December 2, 2005. (Cl.'s Mem. in Supp. of Comp. 1, ECF No. 12.) Claimant alleges a disability onset date of August 15, 2005. (Tr. 21, ECF No. 8.) In her application, Claimant listed back and left leg pain, neck pain, right hip pain, numbness in right foot, numbness from neck to foot on right side, and depression. (Tr. 102.) Her applications were denied initially and upon reconsideration. After an administrative hearing wherein the ALJ found Claimant not disabled, the Appeals Council remanded the case back to the ALJ for further review. (Tr. 21.) The second hearing was held on March 3, 2009, and the ALJ again determined that Claimant was not disabled. (Tr. 21-40.) The Appeals Council thereafter denied Claimant's second request for review. (Tr. 8-10.) This appeal followed.

### Statement of Facts and Evidence

Following the second hearing in this case, the ALJ concluded that Claimant had the severe impairments of obesity, hypertension, and lumbar disc disease, but that these

impairments—nor any combination of his impairments— failed to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 24.)  The ALJ next found that Claimant had the residual functional capacity ("RFC") to perform a range of light work, with several specific physical and mental restrictions.  (Tr. 25.)  Since the ALJ found that Claimant could not perform past relevant work, he determined that transferability of job skills was not an issue.  (Tr. 31.)  The ALJ then determined that Claimant was a younger individual on the date that the application was filed, with at least a high school education, who could communicate in English.  (*Id.*)  Considering the Claimant's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that Claimant could perform.  (*Id.*)  Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act.  (Tr. 32.)

## DISCUSSION

**I.     Whether the ALJ erred in failing to find that Claimant's lumbar impairment equaled Listing 1.04 as of her alleged onset date.**

Claimant first argues that the ALJ improperly failed to find that her lumbar disc disease equaled Listing 1.04 at the time she alleges that she became disabled.  (Cl.'s Br. 4, ECF No. 11.)

To meet the relevant portions of Listing 1.04,  Claimant must present evidence of a "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis,

degenerative disc disease, facet arthritis, [or] vertebral fracture" which results in the "compromise of a nerve root (including the cauda equina) or the spinal cord" along with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> OR
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> OR
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

In this case, the ALJ reviewed the medical record and then set forth the impairments which he deemed severe. (Tr. 25.) The ALJ then stated that Claimant's lumbar and cervical disc degeneration were not severe enough to meet or equal a Listing. The ALJ specifically noted that her impairments did not meet Listing 1.04 because Claimant failed to establish evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis, and that this was confirmed by the Medical Expert ("ME") called to testify. The ALJ's decision reveals that he discussed the relevant medical evidence,

including the evaluations and diagnoses of the physicians who had examined the Claimant. At the re-hearing, the ALJ specifically asked the ME about Listing 1.04 and whether this Claimant met that Listing. (Tr. 641, ECF No. 8.) The ME, Dr. Bovender, after reviewing Claimant's relevant medical history, unequivocally found that Claimant did not meet any of the Listings, either before or after her surgery in 2007. (*Id.* at 651-52, 659.)

It is, therefore, found that the ALJ's analysis clearly set forth the reasons for his decision[2], thus allowing for to meaningfully review of his conclusions. As such, no error is found as to this issue.

## II. Whether the ALJ erred in failing to follow the directive of the Appeals Council.

Claimant next argues that the ALJ failed to follow the order of the Appeals Council on remand. (Cl.'s Br. 5.) Specifically, Claimant argues that the Appeals Council directed the ALJ to "obtain evidence from a medical expert to clarify the nature and severity of the Plaintiff's back impairment and, if appropriate, to assist in determining the extent to which the findings in November 2007 relate back in time", which she claims the ALJ did not do. (*Id.*)

The Regulations state that "the administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not

---

[2] At the hearing, there was some confusion regarding the medical records, but that was remedied by the ALJ at that time by allowing the ME to receive and review evidence not previously in the file.

7

inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b).  A review of the ALJ's decision shows, as noted above, that he called board certified orthopedic surgeon, Dr. Arthur Brovender, to testify regarding Claimant's back impairment. (Tr. 635-661.)  Dr. Brovender reviewed the Claimant's medical records and determined that although Claimant did have degenerative disc disease, her examinations were essentially normal and that her impairment was not as severe as she alleged.  (Tr. 652-54.)  It is clear from the testimony that the ALJ had the Medical Expert clarify the nature and severity of Claimant's back impairment.  Furthermore, following the ALJ's decision, the Appeals Council again considered Claimant's case and ultimately denied further review.  (Tr. 8-10.)  It is logically inferred, therefore, that the Appeals Council determined the ALJ had indeed followed its directive.  As such, no error is found.

## CONCLUSION

WHEREFORE, it is hereby ordered that the decision of the Commissioner be **AFFIRMED**.

THIS the 28th day of October, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE